# Ketcham, Appellant, *v.* Central Trust & Savings Company.

*Trusts and trustees—Trust to secure payment for material furnished to a building operation—Action against trustee—Affidavit of defense.*

In an action of assumpsit against a trust company judgment will not be entered for want of a sufficient affidavit of defense where it appears that the defendant through an agent had executed a declaration of trust by which it acknowledged that it held title to a house to secure the plaintiff for materials to be furnished to a building

operation of which the house was a part, that the debt remained unpaid, and that the trustee had sold the house to a stranger, but there is nothing either in the statement, or in the affidavit of defense to show what was the value of the house, or that the value of the house exceeded the debt for which it was pledged.

Argued Dec. 1, 1915.   Appeal, No. 154, Oct. T., 1915, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June T., 1913, No. 517, discharging rule for judgment for want of a sufficient affidavit of defense in case of O. W. Ketcham v. Central Trust & Savings Co.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit against a trust company.

The material averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Charles J. Sharkey,* for appellant.—The plaintiff may sue for the value of the equity or the amount due: Peterman v. Hamilton Trust Co., 55 Pa. Superior Ct. 529; Singerly v. Armstrong, 5 W. N. C. 139; Wilson v. Whitaker, 49 Pa. 114; Stewart's Est., 140 Pa. 124; McCann v. McCrea, 18 Pa. Superior Ct. 456; Beers v. Robinson, 9 Pa. 229; Newbold v. Pennock, 154 Pa. 591.

*Edward Hopkinson, Jr.,* with him *Abraham M. Beitler,* for appellee.—The holder of security who does not hand over the pledge, is liable to pay the value of it, with the qualification that if that value exceeds the debt, he is liable for the debt: Hammer v. Griffiths, 1 Grant's Cases 193; Second Natl. Bank v. First Natl. Bank, 8 N. Dakota 50; Planters Rice Mill Co. v. Merchants Natl. Bank, 78 Ga. 574; Holmes v. Langston, 110 Ga. 861; Seibold v. Rogers, 110 Ala. 438.

OPINION BY TREXLER, J., April 17, 1916:

The question is before us on the pleadings, the court having refused to enter judgment for want of a sufficient affidavit of defense. The agent of the defendant in writing certified that he held the title to certain premises subject to a mortgage of $2,200.00 as security for the payment to O. W. Ketcham, the plaintiff, of 25% of the value of some thousands of brick which Ketcham was about to sell and deliver to one Joseph W. Kline to be used in the building of a large number of houses of which the house held by Carson, the agent of the defendant, was one. The house was to be conveyed to Ketcham in default of the payment to him of the 25% of his brick bill. The plaintiff alleges that one of the officers of the defendant company stated that the company would see that the bill was paid; that the defendant tendered a deed for the property, but that the property was in an unfinished condition and that finally when the property was finished the defendant would not give a deed unless the plaintiff would first pay the sum of $250.00 which had been expended for the completion of the building, and that further in violation of its contract, the defendant had disposed of the premises. The defendant denied that its trust officer or any person on its behalf agreed to pay the debt or to see that it was to be paid and of course this part of the plaintiff's statement being squarely met falls out of the case. We are left with two questions to decide.

First, was the defendant required to finish the house before giving a deed for it to the plaintiff? It is quite likely that in the contemplation of the parties the completed house was to pass to the plaintiff, but it is not so stated in the agreement of the parties.

Second, was the defendant required to pay plaintiff's bill by reason of having conveyed the property to some one else and thus deprived itself of the power to comply with the contract or was plaintiff's loss by reason of the breach the value of the property? We think the

lower court was right in holding that in the absence of any allegation as to the value of the property held as security for the debt the court could not enter judgment for the plaintiff. The debt for which the house was to stand as security, was not the debt of defendant company. It is liable for it to the extent of the value of the property pledged for its payment, upon proof of its failure to convey, unless the value of the property exceeds the debt, then as the holder of the pledge it is liable for the debt, but there is nothing on the face of the record which would allow us to say that the value of the property exceeded the debt for which it was pledged.

The decision in Peterman v. Trust Co., 55 Pa. Superior Ct. 529, referred to by the appellant is predicated upon the fact that at the trial the plaintiff produced evidence tending to show that at the time the conveyance was demanded the value of the property in the hands of the trust company was greater than the amount of the debt. In the case of Singerly v. Armstrong, 5 W. N. C. 139. Singerly became surety for the performance of the entire contract, the material furnished to be paid for by the delivery of a house and on failure to deliver the house, the debt was of course recoverable from the guarantor.

Judgment affirmed.